# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

GURPRIT BEDI
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 08-30047

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is a 36 year old native of India who is legally here in this country as a permanent resident (he came here with his family from New Delhi, India in 1976). He is single and has a son. His information as given to Pretrial Services was verified by a friend, Ms. Mezan Williams. Defendant is charged with being a felon in possession of two firearms. Defendant appeared in court alone with no family members present, although his parents live in Farmington Hills, and he claims to maintain regular contact with them and his two brothers who live out of state.
(CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| February 4, 2008 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Curiously, the Pretrial Services report reflects that Defendant reported his monthly liabilities to be approximately $3679 (mortgage, credit cards, utilities, auto insurance, and car note) and his monthly income to be just slightly more, $4000. He reported that for the past seven years he has been self-employed part time as a real estate agent and owns six properties valued at approximately $350,000. He also claims as an asset a 2007 Dodge Ram valued at $35,000 and a checking account with a balance of $200. He claims that he makes his money by re-furbishing these "fixer-uppers" and then rents them or sells them. All but one is rented, according to the Defendant. Defendant has retained counsel.

What Defendant failed to disclose to Pretrial Services is that he has 14 high end vehicles registered in his name ( a Mercedes, a Maserati, three or four Dodge Rams, and others). Defendant claims that he leases these vehicles in his name, and then sub-leases them to persons whose credit is bad and who otherwise would not be able to lease directly from a dealer. Although Defendant does not purchase the vehicles, but rather leases them, he claims no income for his professional service. Furthermore he appears to have no income left over (according to his statements to Pretrial Service) to cover lease payments should any of his high risk customers fall into arrears. Similarly, he appears to have no income available to invest into his rental homes for upkeep and maintenance of the six properties, based upon the $36,000 annual income he reported to Pretrial Services. This Court has a difficult time understanding how Defendant can operate his two ongoing businesses on the shoe-string numbers (income of $4000 a month) and maintain his own residence and lifestyle as reported.

Defendant's friend, Ms. Williams, advised Pretrial Services that Defendant has resided with her and his son at 14217 Cobbleston Court in Belleville, MI for the past year. Testimony was presented by the Agent in Charge of the case who testified that Defendant told him that Ms. Williams was his sister. In fact, Williams is not Defendant's sister. Defendant told Pretrial services that Ms. Williams lives with him and his son; Defendant told the Agent in Charge that Ms. Williams in fact owns a house in Brownstown, MI and lives there. Agent Ponman testified that when Defendant's home was searched, he found only clothes and items belonging to the Defendant. He found no evidence that a woman or a child lived in the home. Another agent who was present at the time of the search told Agent Ponman that he found scant items of women's clothing, but "very little", not enough to lead to the conclusion that a woman or a child lived there on a permanent basis. Mail addressed to other people was found at the time of that the search warrant was executed.

Defendant has had multiple contacts with law enforcement over the past 14 years. More recently,
his convictions were for violent crimes: in 2000 he was convicted of felonious assault with a dangerous weapon. The following year, he was convicted of Felony Attempt Interfering with Crime Report - Committing Crime/Threatening to Kill, Injure.

He has failed to appear on three separate occasions for court matters, and warrants were issued each time. Defendant has one violation of probation conviction. Defendant is a convicted felon.

At the time his home was searched, two weapons were recovered: 1) an Israeli Military Industries Desert Eagle .357 semiautomatic handgun with magazine and 2) Bersa Model .380 semiautomatic handgun, loaded with magazine. These weapons were found in the closet of the master bedroom.

Defendant is deemed to be a risk of flight for the reason that a conviction would render him removable and deportable as a permanent resident. Additionally, he has failed to appear for court hearings no less than three times previously, and has one violation of probation conviction. It appears that he has been less than compliant with his court ordered appearances. The stakes are unquestionably higher now; a conviction would force him out of the country.

The Court also has grave concerns that the picture painted by Defendant to Pretrial Services is not an accurate depiction of who this Defendant is. Some of the information was contradicted by his own "friend" Ms. Williams. Some of the information was contradicted by Special Agent Ponman. And much of the information, when taken as a whole, does not make sense. Furthermore, although this Defendant claims to have family ties, no family members were present, and the only person suggested by his counsel to act as a third party custodian was Ms.

Williams. The community ties claimed by Defendant also seem to be lacking in terms of his alleged full time self-employment and the lack of any other employment history whatsoever.

For the reasons stated above, this Court finds that Defendant poses a risk of flight, and that he also poses a danger to the community. Detention is Ordered, as no conditions of bond will assure the Defendant's appearance in court or the safety of the community.